UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MODRZEJEWSKI,

    Plaintiff,    Case No. 23-11049

v.

        F. Kay Behm

THE HOME DEPOT, INC.,    U.S. District Judge

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT (ECF NO. 21)**

**I.    PROCEDURAL HISTORY**

Plaintiff Thomas Modrzejewski brought this action after he was injured at a Home Depot store, alleging claims of premises liability, nuisance, and negligence. Defendant, Home Depot U.S.A., Inc., filed a motion for summary judgment, which has been fully briefed. The court held a hearing on March 12, 2025, and, for the reasons explained below, Defendant's motion is granted.

**II.    FACTUAL BACKGROUND**

In April 2020, Plaintiff went to a Home Depot store in Dearborn, Michigan, in search of a chipping hammer. (ECF No. 21-2 at 25-26, Plaintiff's Deposition). A canopy tent had been placed at the entrance, and Plaintiff had to walk beneath it

to enter the store. (*Id.* at 33). Plaintiff entered the store without incident. (*Id.* at 39). Plaintiff did not find the tool he wanted, so he left the store shortly after arriving, exiting the same door he came in. (*Id.* at 41-42).

Plaintiff testified that as he approached the tent, "looking on my phone for another store," the wind "kind of sling-shotted the tent and hit me in the head." (ECF No. 21-2 at 44-48). The tent "stretched and it came back and whacked me." (*Id.* at 84). The blow knocked Plaintiff to one knee; he gathered himself and went to his truck to try to "shake it off." (*Id.* at 49). Plaintiff called the store to report the incident, and he was told that the manager would call him. (*Id.* at 67). But not long after the incident, Plaintiff decided to return to the store to see if he could talk to the manager; at that time, the tent was gone. (*Id.* at 68-69). Plaintiff does not know how the tent was put together or secured. (*Id.* at 84-85).

III.   ANALYSIS

   A.   Standard of Review

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that

2

the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and to do so must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp.2d 905, 910 (E.D. Mich. 2004). To fulfill this burden, the non-moving party only needs to

demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252–53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it carries the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a

jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

  B. <u>Negligence</u>

The parties agree that Michigan law applies to Plaintiff's claims of negligence, premises liability, and nuisance. Although Plaintiff alleges both premises liability and ordinary negligence, "[w]hen it is alleged that the plaintiff's injuries arose from a dangerous condition on the land, the claim is one of premises liability rather than one of ordinary negligence." *Jeffrey-Moise v. Williamsburg Towne Houses Coop., Inc.*, 336 Mich. App. 616, 625 (2021). In contrast, an ordinary negligence claim is based upon the defendant's failure to adhere to a standard of care while performing an undertaking. *See Jahnke v. Allen*, 308 Mich. App. 472, 475-76 (2014). Plaintiff's complaint sounds in premises liability, because it concerns a "dangerous condition on the land" (the tent) that caused his injury. *Jeffrey-Moise*, 336 Mich. App. at 625 (holding claim that plaintiff slipped on black ice sounds in premises liability, not negligence). Although Plaintiff contends that Home Depot failed to properly secure the tent, creating the dangerous condition, this allegation "does not transform a premises-liability action into one of ordinary negligence." *Id*. "Because plaintiff's claim is based on

defendant's duty as the possessor of the land on which she fell and not on defendant's ability to conform to a particular standard of care, we treat plaintiff's claim as one of premises liability." *Id.*; *see also Pugno v. Blue Harvest Farms LLC*, 326 Mich. App. 1 (2018) (plaintiff who was injured by falling item stated claim in premises liability, not ordinary negligence); *Leka v. Big Best in Games, Ltd.*, 2023 WL 6170197, at *2 (Mich. App. Sept. 21, 2023) (when plaintiff was injured based upon the manner in which "defendant placed the arcade games in its establishment," "defendant's alleged conduct created the unsafe condition on the land, and the claim sounds in premises liability"); *Davies v. Dist. Ctr. Bd. of Michigan Dist. Church of Nazarene*, 2024 WL 3915980, at *2 (Mich. App. Aug. 22, 2024), *appeal denied*, 16 N.W.3d 90 (Mich. 2025) (plaintiff's allegation that he was injured because of the manner in which defendant installed speed bumps created claim of premises liability, not negligence); *cf. Laier v Kitchen*, 266 Mich. App. 482, 495 (2005) (plaintiff stated negligence claim when defendant was actively controlling tractor's hydraulic system and the tractor's bucket fell and injured the decedent).

In this case, Plaintiff alleges that Home Depot created an unsafe condition by failing to properly secure the tent. Because Defendant's alleged conduct

6

created an unsafe condition on the land, Plaintiff's claim is properly analyzed as one of premises liability and his negligence claim is subject to dismissal.

    C.    <u>Premises Liability</u>

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 110 (2023). Under Michigan law, Plaintiff is classified as an "invitee," because he entered Defendant's property for business purposes. *See id.* at 111. A landowner has an "affirmative duty" to protect invitees, who are "entitled to the highest level of protection under premises liability law." *Id.* at 111-12 (citations omitted). Land possessors owe a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id.* (citation omitted).

"A premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.'" *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 8 (2016) (citation omitted). The defendant must have "actual or constructive notice of the dangerous condition." *Id.* at 10. "The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable

7

when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it." *Id.* (citation omitted).

Plaintiff has not presented evidence that Defendant failed to properly secure the tent or that it knew that the tent, coupled with the wind, created a hazardous condition. Plaintiff asserts that if "the tent had been properly secured it would not have struck [him]," but this is supposition rather than evidence. Plaintiff admits that he does not know how the tent was secured or assembled. The court may not invite the jury to speculate that Defendant breached its duty based upon the mere fact that an accident occurred. *See Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3, 9 (1979) ("[W]e have uniformly held that the happening of the accident alone is not evidence of negligence.") (citation omitted).[1]

---

[1] Plaintiff is not arguing that *res ipsa loquitur* applies "to create at least an inference of negligence where the plaintiff is unable to prove the occurrence of a negligent act. To avail themselves of the doctrine, plaintiffs must show that (1) the event would ordinarily not occur in the absence of negligence, (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 193-94 (1995). Plaintiff has not argued that these elements are met here.

Plaintiff argues that Defendant's negligence may be presumed because Defendant failed to produce photos or video of the area where the incident occurred. Despite stating in discovery that no photos related to the incident were available, Defendant attached a video screenshot of the store exit, which does not show the tent, to its motion for summary judgment.[2] *See* ECF No. 23-4, 23-5 (Defendant's Answers to Interrogatories and Requests to Produce). Plaintiff contends that other photos or videos of the area must be available and were not produced by Defendant. However, Defendant objected to Plaintiff's request for video recordings of the area where the incident took place, "to the extent it seeks confidential and proprietary information." (ECF No. 23-4 at PageID 186). Defendant further stated that "there is no CCTV of the *incident*." *Id.* (emphasis added). Plaintiff did not further pursue this discovery by challenging Defendant's objection or filing a motion to compel. Defendant's objection "shifted the burden" to Plaintiff to "either clarify its discovery request or seek an order from the district court directing [Defendant] to comply with [Plaintiff's] discovery request as originally phrased." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457-58 (6th

---

[2] Defendant attached the photo to illustrate that Plaintiff must have exited through a door that had a sign declaring "no exit," and to bolster its argument that Plaintiff was negligent. (ECF No. 21 at PageID 115). The court need not address the issue of Plaintiff's degree of fault because he has not sufficiently supported his premises liability claim. The photo is not relevant to the premises liability analysis and the court therefore does not address its admissibility.

Cir. 2008). To be clear, the court is not ruling on the propriety of Plaintiff's discovery request or Defendant's objection, but notes that such matters are appropriately resolved during discovery, not at the summary judgment stage. Under the circumstances, when Defendant's discovery objections went unchallenged, the court in unable to conclude that Defendant intentionally withheld or destroyed evidence, or to presume that any such evidence would have been favorable to Plaintiff. *See Ward v. Consol. Rail Corp.*, 472 Mich. 77, 84 (2005) ("It is well settled that missing evidence gives rise to an adverse presumption only when the complaining party can establish 'intentional conduct indicating fraud and a desire to destroy [evidence] and thereby suppress the truth.'").

      Plaintiff also suggests that Home Depot's removal of the tent after the accident demonstrates its dangerous nature. However, such subsequent remedial measures are not admissible to prove negligence or culpable conduct. Fed. R. Evid. 407; *see In re Air Crash Disaster*, 86 F.3d 498, 529 (6th Cir. 1996) (noting that Rule 407 "bars a class of evidence that is very poor proof of negligence or defectiveness").

      Plaintiff has not alleged facts showing that Defendant created a hazardous condition by improperly securing the tent or that it knew that the tent had

become hazardous. Accordingly, Plaintiff has not raised a genuine issue of fact as to whether Defendant breached its duty of care, and summary judgment on Plaintiff's premises liability claim is warranted.

D. <u>Nuisance</u>

Defendant contends that Plaintiff's nuisance claim, like his ordinary negligence claim, is merely a restatement of his premises liability count. *See Jones v. DaimlerChrysler Corp.*, 288 Mich. App. 99, 112 (2010), *rev'd in part*, 488 Mich. 1036 (2011) (citing Michigan Law and Practice, § 1, p. 97 (noting that "several Michigan decisions use the term 'nuisance' liability to refer to what is essentially premises liability")). In his complaint, Plaintiff alleges that "Defendant failed to exercise due care and in fact allowed a condition to exist without warning that constituted a nuisance to Plaintiff and others similarly situated." ECF No. 1-1 at PageID 20. The "condition" was the allegedly unsecured tent. This suggests that the gravamen of Plaintiff's complaint rests in premises liability rather than nuisance. Regardless, a nuisance claim is not viable here.

Michigan courts recognize two categories of nuisance: private nuisance and public nuisance. *Adkins v. Thomas Solvent Co.,* 440 Mich. 293, 302 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land," *id.* at 302, whereas "[a] public nuisance is an

unreasonable interference with a common right enjoyed by the general public." *Cloverleaf Car Co v. Phillips Petroleum Co,* 213 Mich. App 186, 190 (1994). A nuisance in fact, as Plaintiff claims here, is a subcategory of public nuisance. *See Johnson v. Tilton*, 2002 WL 31310160, at *3 (Mich. App. Oct. 15, 2002). A public nuisance "includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf*, 213 Mich. App. at 190. "[T]he activity must be harmful to the public health, or create an interference in the use of a way of travel, or affect public morals, or prevent the public from the peaceful use of their land and the public streets." *Garfield Twp. v. Young*, 348 Mich. 337, 342 (1957) (citations omitted).

Although it was alleged to be unsafe, a canopy tent does not qualify as a public nuisance. A nuisance that affects public health is typified by the release of hazardous substances. *See Organic Chem. Site PRP Grp. v. Total Petroleum Inc.*, 58 F. Supp.2d 755, 765 (W.D. Mich. 1999); *Norton Shores v. Carr*, 81 Mich. App. 715 (1978) (business that caused black dust to blow off of property constituted public nuisance); *Davis v. Wal-Mart Stores East, LP*, No. 18-13901, 2019 WL 6912703, at *2 (E.D. Mich. Dec. 19, 2019) ("The types of individual claims that have been

12

recognized in the public health category typically involve disposal or release of hazardous substances or chemicals that present a threat to public health.") (citing cases). A safety hazard at a store is not analogous to the type of situations that have been deemed public nuisances. *See Fagan v. Speedway, LLC*, No. 15-10211, 2016 WL 2957929, at *5 (E.D. Mich. May 23, 2016) (crack in pavement or pothole on private property does not amount to public nuisance); *Davis*, 2019 WL 6912703 at *3 (hanger on floor not public nuisance); *Hawthorne v. Wal-Mart Stores East, LP*, No. 18-12628, 2021 WL 2986205, at *3 (E.D. Mich. July 15, 2021) ("A spill on a Wal-Mart floor present for a relatively short period of time simply does not rise to the level of a public nuisance."); *Holland v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5311590, at *10 (Mich. App. Sept. 10, 2015) (icy patch on driveway does not give rise to public nuisance claim). Plaintiff has not cited authority suggesting otherwise. Therefore, the court will dismiss Plaintiff's nuisance claim.

**IV.     CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for summary judgment (ECF No. 21) is GRANTED.

SO ORDERED.

Date: March 14, 2025                                         s/F. Kay Behm
                                                             F. Kay Behm
                                                             United States District Judge